UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
and ALBERTO RIVERA-
SANCHEZ, M.D.,

      Plaintiffs,

v.                                                 Case No: 6:20-cv-1582-WWB-EJK

PHYSICIAN SURGICAL
NETWORK, INC.,

      Defendant.

## ORDER

      This cause comes before the Court on Defendant's Motion to Stay Discovery (the "Motion") (Doc. 44), filed September 28, 2022. Plaintiff has responded in opposition. (Doc. 50.) Upon consideration, the Motion is due to be denied.

      On September 7, 2022, Plaintiff Alberto Rivera-Sanchez filed his Second Amended Complaint against Defendant based on the False Claims Act, 31 U.S.C. § 3729. (Doc. 42 at 1.) Defendant filed a Motion to Dismiss the Second Amended Complaint on September 21, 2022. (Doc. 43.) Defendant asserts that Plaintiff failed to sufficiently plead his claims, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b). (*Id*. at 2.) On September 28, 2022, Defendant filed the instant Motion requesting a stay in discovery while the Motion to Dismiss is pending. (Doc. 44 at 2.)

      The Court has the inherent power to control its docket and manage its cases, including by staying discovery. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th

Cir. 2002). But, "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved." *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013); *see also Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-CV-88-T-36JSS, 2016 WL 7423139, at *1 (M.D. Fla. Mar. 23, 2016). Ordinarily, in this district, "the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." *Middle District Discovery* (2021) at 5. "Such motions for stay are rarely granted." *Id.*

The party seeking to stay discovery has "the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). In that regard, "[i]n deciding whether to stay discovery pending resolution of a motion to dismiss . . . the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be *clearly meritorious and truly case dispositive*.'" *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (emphasis added) (quoting *McCabe*, 233 F.R.D. at 685).

Defendant asserts that there is good cause to stay discovery until the Court has the opportunity to resolve the pending Motion to Dismiss. (Doc. 44 at 2.) Defendant argues that Plaintiff's Second Amended Complaint suffers from the same fatal defects as Plaintiff's previous Complaint (*Id.*) Moreover, Defendant asserts that Plaintiff now seeks "overbroad and expansive" discovery requests that are unduly burdensome. (*Id.*) Plaintiff asserts in opposition that a stay of discovery is unwarranted absent a "specific

showing of prejudice or burdensomeness." (Doc. 50 at 3.) Moreover, Plaintiff argues that his Complaint sufficiently pleads his claims (*Id.* at 4) and that Defendant waived any discovery objections by failing to assert them or to present a separate motion. (*Id.* at 7.)

The party seeking to stay discovery has "the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). "'In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Holsapple v. Strong Indus., Inc.*, No. 2:12-cv-355-UA-SPC, 2012 WL 3946792, at *1 (M.D. Fla. Sept. 10, 2012) (quoting *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985)). In that regard, "[i]n deciding whether to stay discovery pending resolution of a motion to dismiss . . . the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be *clearly meritorious and truly case dispositive*.'" *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (emphasis added) (quoting *McCabe*, 233 F.R.D. at 685).

Here, Defendant contends that engaging in discovery will impose "unnecessary costs to the litigants and to the court system" (Doc. 44 at 3), but otherwise fails to articulate any particular burden that engaging in the discovery process would impose. Instead, citing to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), its argument relies primarily upon a facial challenge to the legal sufficiency of

Plaintiff's claims. (Doc. 44 at 1–16.) However, *Chudasama* "stand[s] for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Holsapple*, 2012 WL 3946792, at *2 (internal quotation marks omitted).

The Court has reviewed the briefing on the Motion to Dismiss. Based on this "preliminary peek," the Court cannot say that Defendant's Motion to Dismiss is "likely meritorious." Moreover, the discovery deadline in this matter is February 2, 2023. (Doc. 33.) Even a brief stay of discovery is likely to cause case management issues by condensing the time to engage in discovery and to resolve any resulting motions. While the Court understands that discovery can be costly and time consuming, on balance, the undersigned does not find good cause to stay discovery in this matter. Moreover, Defendant may present a separate motion to address any "unduly burdensome" discovery requests. Thus, the balancing of interests weigh in favor of allowing discovery to proceed.

Accordingly, it is **ORDERED** that Defendant's Motion to Stay Discovery (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 7, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE